# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

_____

Yu Qi Zhou
Yun Zhu Zou
Bing Long Zou
Yun Fang Zou                                        Civil Action No.:
Yun Lu
        _Plaintiffs_,      :
                      :
                      :
      vs.               :

Shop Rite                    :
Wok Empire              :
Hsiao Ming Tsai A/K/A Hsia Ming Khor
Mrs. Tsai                    :
Swee Choo Khor          :
Mr. Khor
H&S Associates, LLC      :
John Doe                   :
Jane Doe                   :
ABC Corporation         :
        _Defendants_.    :

_____

## COMPLAINT

    Plaintiffs by and through their undersigned attorneys, allege, upon personal

knowledge as to themselves and upon information and belief as to other matters, as

follows:

4

## PRELIMINARY STATEMENT

Plaintiffs bring this action against Defendants to recover damages for, and to enjoin, violations of Federal and State labor law arising out of Plaintiffs' employment at a supermarket operated by Defendants in New Jersey.

Defendants operate ShopRite Stores at 1750 N. Olden Avenue, Ewing, NJ 08638, 2433 Route 34 South, Manasquan, NJ 08736 and 130 Marketplace Blvd. Robbinsville, NJ. Wok Empire is a department and or subsidiary of this ShopRite Store. Defendants are owners, employees, and/or managers of these Stores and this department. As described herein, for most of their employment, Plaintiffs were required to work at least 57 hours per week without receiving overtime pay. Further, Defendants willfully failed to pay Plaintiffs minimum wages and overtime wages as required by federal law.

As a result of these violations of Federal and State Law, Plaintiffs are entitled to (1) unpaid minimum wage (2) unpaid overtime wages for overtime hours for which they were paid less than one and a half times regular rate (or minimum wage); (3) all additional pay owed as a result of Defendants' violation of New Jersey Spread of Hours regulations; (4) liquidated damages, punitive damages and all other remedies proposed by statute; (6) compensatory damages and back pay; (7) attorneys fees and costs as provided for by statute; and (8) all other legal or equitable remedies this court deems appropriate.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216 and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over Plaintiff's New Jersey law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

4. Plaintiff Yu Qi Zhou worked in the ShopRite store at 1750 N. Olden Avenue, Ewing, NJ 08638 from March 1, 2007 through August 1, 2009.

5. Plaintiff Yun Zhu Zou worked in the ShopRite store at 1750 N. Olden Avenue, Ewing, NJ 08638 from October 24, 2006 through August 1, 2009

6. Plaintiff Bing Long Zou worked in the ShopRite store at 2433 Route 34 South, Manasquan, NJ 08736 from November 13, 2006 through the present.

7. Plaintiff Yun Fang Zou worked in the ShopRite store at 130 Marketplace Blvd. Robbinsville, NJ from May 30, 2008 through March 18, 2009.

8. Plaintiff Yun Lu worked in the ShopRite store at 2433 Route 34 South, Manasquan, NJ 08736 from May 30, 2008 through March 18, 2009.

9. Defendant Shop Rite is a New Jersey Corporation with business addresses of 1750 N. Olden Avenue, Ewing, NJ 08638, 1750 N. Olden Avenue, Ewing, NJ 08638, 2433 Route 34 South, Manasquan, NJ 08736 and 130 Marketplace Blvd. Robbinsville, NJ.

10. Defendant Wok Empire is a subsidiary or division of ShopRite with business addresses of 1750 N. Olden Avenue, Ewing, NJ 08638, 1750 N. Olden Avenue, Ewing, NJ 08638, 2433 Route 34 South, Manasquan, NJ 08736 and 130 Marketplace Blvd. Robbinsville, NJ

11. Defendant Hsiao Ming Tsai A/K/A Hsia Ming Khor is a supervisor and or Manager of the Wok Empire division in the ShopRite Store at1750 N. Olden Avenue, Ewing, NJ 08638.

12. Mrs. Tsai is a supervisor and or Manager of the Wok Empire division in the ShopRite Store at1750 N. Olden Avenue, Ewing, NJ 08638.

13. Swee Choo Khor is a supervisor and or Manager of the Wok Empire division in the ShopRite Store at 1750 N. Olden Avenue, Ewing, NJ 08638.

14. Mr. Khor is a supervisor and or Manager of the Wok Empire division in the ShopRite Store at at1750 N. Olden Avenue, Ewing, NJ 08638.

15. H&S Associates, LLC is a New Jersey Corporation with a business address of 9 Barrington Drive, Princeton Junction, N.J. 08550.

16. John Doe is a fictitious name meant to represent any individual involved in this proceeding whose identity is thus far unknown.

17. Jane Doe is a fictitious name meant to represent any individual involved in this proceeding whose identity is thus far unknown.

18. ABC Corporation is a fictitious name meant to represent any corporation involved in this proceeding whose identity is thus far unknown.

19. Upon information and belief, at all times relevant to this complaint, the Corporate defendants have been engaged in interstate commerce within the meaning of

FLSA in that they (1) have had employees engaged in commerce in commerce or in the production of goods for commerce, or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce; and (2) have had annual gross sales of not less than $500,000.00.

<u>STATEMENT OF FACTS</u>

20. Plaintiffs were employed by ShopRite in the Wok Empire section of the ShopRite store at 1750 N. Olden Avenue, Ewing, NJ 08638, 2433 Route 34 South, Manasquan, NJ 08736 and 130 Marketplace Blvd. Robbinsville, NJ

21. Plaintiff Yu Qi Zhou worked in the ShopRite store at 1750 N. Olden Avenue, Ewing, NJ 08638 from March 1, 2007 through August 1, 2009.

22. Yu Qi Zhou worked from 9:00 A.M. until 7:00 PM six (6) days per week with a thirty minute lunch break from March 1, 2007 through February 28, 2009.

23. Beginning on March 1, 2009, Yu Qi Zhou worked from 9:40 A.M. until 6:40 PM six (6) days per week with a thirty minute lunch break.

24. Yu Qi Zhou was paid approximately $2000-$2100 monthly.

25. Plaintiff Yun Zhu Zou worked in the ShopRite store at 1750 N. Olden Avenue, Ewing, NJ 08638 from October 24, 2006 through August 1, 2009.

26. Yun Zhu Zou worked from 9:00 A.M. until 7:00 PM six (6) days per week with a thirty minute lunch break from October 24, 2006 through February 28, 2009.

27. Beginning on March 1, 2009, Yun Zhu Zhou worked from 9:40 A.M. until 6:40 PM six (6) days per week with a thirty minute lunch break.

28. Yun Zhu Zou was paid approximately $1500- $1600 monthly.

29. Plaintiff Yun Fang Zou worked in the ShopRite store from May 30, 2008 through March 18, 2009 from 9:00 A.M. to 7:00 P.M. six days per week with a 30 minute lunch break.

30. Yun Fang Zo was paid approximately $1700 monthly.

31. Plaintiff Yun Lu worked in the ShopRite store at 130 Marketplace Blvd. Robbinsville, NJ from May 30, 2008 through March 18, 2009 from 9:00 A.M. to 7:00 P.M., six days per week with a 30 minute lunch break.

32. Yun Lu was paid approximately $1700 monthly.

33. Bing Long Zou has been employed at the Shop Rite store at 2433 Route 34 South, Manasquan, NJ 08736 since November 13, 2006.

34. Plaintiffs Yu Qi Zhou and Bing Long Zou are male and were employed by Defendants at the same time as the female plaintiffs.

35. Yu Qi Zhou and Bing Long Zou worked between Nine and Nine and a Half hours, six (6) days per week with a thirty minute lunch break and were paid approximately $2000 -$2100 per month of employment

## CAUSES OF ACTION

### COUNT I

### Overtime Wages Due Under the Fair Labor Standards Act

36. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

37. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

38. At all times relevant to this action Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

39. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. §203 (e)(1).

40. Defendants failed to compensate Plaintiff Yun Zhu Zou with overtime wages for the hours worked in excess of forty hours at least equal to one and one-half times her regular rate or the applicable minimum hourly wage, in violation of 29 U.S.C. §207 (a)(1).

41. Defendant's violations of the FLSA, as described herein have been willful and intentional.

42. By reason of Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b), all in an amount to be determined at trial.

## COUNT II

### Overtime Wages Due Under the Fair Labor Standards Act

43. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

44. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

45. at all times relevant to this action Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

46. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. §203 (e)(1).

47. Defendants failed to compensate Plaintiff Yun Fang Zou with overtime wages for the hours worked in excess of forty hours at least equal to one and one-half times her regular rate or the applicable minimum hourly wage, in violation of 29 U.S.C. §207 (a)(1).

48. Defendant's violations of the FLSA, as described herein have been willful and intentional.

**49.** By reason of Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b), all in an amount to be determined at trial.

## COUNT III

### Overtime Wages Due Under the Fair Labor Standards Act

50. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

51. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

52. At all times relevant to this action Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

53. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. §203 (e)(1).

54. Defendants failed to compensate Plaintiff Yun Lu with overtime wages for the hours worked in excess of forty hours at least equal to one and one-half times her regular rate or the applicable minimum hourly wage, in violation of 29 U.S.C. §207 (a)(1).

55. Defendant's violations of the FLSA, as described herein have been willful and intentional.

56. By reason of Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b), all in an amount to be determined at trial.

## Count IV

### Overtime Wages Due Under the Fair Labor Standards Act

57. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

58. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

59. At all times relevant to this action Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

60. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. §203 (e)(1).

61. Defendants failed to compensate Plaintiff Yu Qi Zhu with overtime wages for the hours worked in excess of forty hours at least equal to one and one-half times his regular rate or the applicable minimum hourly wage, in violation of 29 U.S.C. §207 (a)(1).

62. Defendant's violations of the FLSA, as described herein have been willful and intentional.

63. By reason of Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b), all in an amount to be determined at trial.

## COUNT V

### Overtime Wages Due Under the Fair Labor Standards Act

64. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

65. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

66. At all times relevant to this action Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

67. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. §203 (e)(1).

68. Defendants failed to compensate Plaintiff Bing Long Zou with overtime wages for the hours worked in excess of forty hours at least equal to one and one-half times his regular rate or the applicable minimum hourly wage, in violation of 29 U.S.C. §207 (a)(1).

69. Defendant's violations of the FLSA, as described herein have been willful and intentional.

70. By reason of Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b), all in an amount to be determined at trial.

## Count VI

### Minimum Wages Under New Jersey Labor Law

71. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

72. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A §34:11-56a1 and §34:11-56a4.

73. Defendants willfully failed to compensate Plaintiff Yun Zhu Zou with wages at least equal to the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

74. By reason of Defendant's violations of New Jersey law, Plaintiff Yun Zhu Zou is entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

## Count VII

### Minimum Wages Under New Jersey Labor Law

75. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

76. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A §34:11-56a1 and §34:11-56a4.

77. Defendants willfully failed to compensate Plaintiff Yun Fang Zou with wages at least equal to the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

78. By reason of Defendant's violations of New Jersey law, Plaintiff Yun Fang Zou is entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

### Count VIII

**Minimum Wages Under New Jersey Labor Law**

79. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A §34:11-56a1 and §34:11-56a4

81. Defendants willfully failed to compensate Plaintiff Yun Lu with wages at least equal to the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

82. By reason of Defendant's violations of New Jersey law, Plaintiff Yun Lu is entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

### Count IX

**Overtime Wages Under New Jersey Labor Law**

83. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

84. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A §34:11-56a1 and §34:11-56a4.

85. Defendants willfully failed to compensate Plaintiff Yun Zhu Zou with wages at least equal to one and one-half times her regular rate or the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

86. By reason of Defendant's violations of New Jersey law, Plaintiff Yun Zhu Zou is entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

## Count X

### Overtime Wages Under New Jersey Labor Law

87. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

88. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A§34:11-56a1 and §34:11-56a4.

89. Defendants willfully failed to compensate Plaintiff Yun Fang Zou with wages at least equal to one and one-half times her regular rate or the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

90. By reason of Defendant's violations of New Jersey law, Plaintiff Yun Fang Zou is entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as

reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

## Count XI

### Overtime Wages Under New Jersey Labor Law

91. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

92. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A §34:11-56a1 and §34:11-56a4.

93. Defendants willfully failed to compensate Plaintiff Yun Lu with wages at least equal to one and one-half times her regular rate or the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

94. By reason of Defendant's violations of New Jersey law, Plaintiff Yun Lu is entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

## COUNT XII

### Overtime Wages Under New Jersey Labor Law

95. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

96. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of N.J.S.A §34:11-56a1 and §34:11-56a4.

97. Defendants willfully failed to compensate Yu Qi Zhou and Bing Long Zou with wages at least equal to one and one-half times their regular rate or the applicable minimum hourly wage, in violation of N.J.S.A §34:11-56a4.

98. By reason of Defendant's violations of New Jersey law, Plaintiffs Yu Qi Zhou and Bing Long Zou are entitled to entitled to recover from defendants jointly and severally their unpaid wages, in addition to all damages allowed by applicable laws or regulations, as well as reasonable attorney's fees and costs of this action, including interest, all in an amount to be determined at trial.

## COUNT XIII

## Discrimination on the basis of Sex

99. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully stated forth herein.

100.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

101.     At all times relevant to this action Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207(a).

102.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. §203 (e)(1).

103.     Plaintiffs Yun Zhu Zou, Yun Fang Zou and Yun Lu are female employees and were compensated less than male employees Yu Qi Zhou and Bing Long Zou in comparable positions, for equal time worked and for an equal job in violation of 29 U.S.C. §206 (d)(1).

## Count XIV

### Piercing the Corporate Veil

104.     Plaintiff repeats and realleges the allegations made in the foregoing paragraphs as if set forth herein.

105.     Defendants, Hsiao Ming Tsai A/K/A Hsia Ming Khor ("Hsiao") and Swee Choo ("Swee Choo") upon information and belief are shareholders and owners of H&S Associates, LLC, ("H&S") a New Jersey State Corporation.

106.     Upon information and belief, Hsiao and Swee Choo dominate the business Practices of H&S so completely that the Corporation is merely an instrumentality of their persons or "alter egos".

107.     There is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist.

108.     Furthermore, H&S is run out of their home and has the same address as their residence.

109.     Therefore, individual defendants, Hsiao and Swee Choo are the alter egos of defendant H&S and has been, conducting, managing, and controlling the affairs of defendant corporation since its formation, as though it were individual defendant's own business, and individual defendant has used defendant corporation for the purpose of defrauding plaintiff, and others similarly situated, as set forth in this complaint.

110.    To adhere to the doctrine of the corporate entity would promote injustice or protect fraud.

111.    Hsiao and Swee Choo used H&S to carry out unlawful acts and limit themselves from liability, in effect defeating the "ends of justice". The corporate arrangement was a sham, used to defeat justice, to perpetrate fraud and evade contractual responsibility

112.    WHEREFORE, Plaintiff demands judgment against Defendants, Hsiao and Swee Choo for all damages incurred as a result of their actions or any actions taken by H&S Associates.

### Prayer for Relief

Wherefore, Plaintiffs respectfully request that judgment be granted:

 a. Declaring Defendants to be in violation of Plaintiff's rights under the FLSA and New Jersey Minimum wage rate and overtime regulations;

 b. Awarding plaintiffs unpaid minimum wages under all applicable regulations;

 c. Awarding Plaintiffs unpaid overtime wages due under all applicable regulations;

 d. Awarding Plaintiffs damages pursuant to 29 U.S.C. §216 and N.J.S.A §§34:11-56a4, 34:11-56a25, and any other applicable regulations;

 e. Awarding Plaintiffs compensatory damages, back pay, front pay and punitive damages;

 f. Awarding such other legal or equitable relief as may be appropriate;

 g. Awarding prejudgment and post-judgment interest, where applicable;

h.  Awarding Plaintiffs the cost of this action, together with reasonable attorneys' fees;

i.  Enjoining Defendants from any further violations of the FLSA and New Jersey laws and regulations;

j.  Enjoining Defendants from any retaliation against Plaintiffs because they have made complaints about violations of law or sought to enforce their legal rights;

k.  Awarding such other and further relief as this court deems necessary and proper.

WONG, WONG & ASSOCIATES, P.C.
150 Broadway, Suite 1588
New York, NY 10038

By:    S/ Ayala E. Yasgur
       Ayala E. Yasgur, Esq.

Dated: September 23, 2009

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by its attorneys, hereby certify that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding.

Dated: September 16, 2009                    Wong, Wong & Associates, P.C.


S/ Ayala E. Yasgur, Esq.

_____

Ayala E. Yasgur, Esq.

<u>VERIFICATION</u>

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )


     I, Yun Fang Zou, being duly sworn, deposes and says:

I am the Plaintiff herein; and as such, I am familiar with the facts and circumstances

of this action.

I have read the foregoing Verified Complaint and know the contents thereof.  The

Complaint is true to my knowledge except as to the matters stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.


                                                        _____
                                                         Yun Fang Zou

Sworn to before me this

_16_ day of _September_, 2009

_____

HONG WU QIANG
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
NO. 01H06189625
FILED IN QUEENS COUNTY
COMMISSION EXPIRES JUNE 30 2012

<u>VERIFICATION</u>

STATE OF NEW YORK     )
COUNTY OF NEW YORK   )

    I, Yun Lu, being duly sworn, deposes and says:

I am the Plaintiff herein; and as such, I am familiar with the facts and circumstances

of this action.

I have read the foregoing Verified Complaint and know the contents thereof.  The

Complaint is true to my knowledge except as to the matters stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.


                                               Yun Lu

Sworn to before me this

___ day of _____ 2009


HONG WU JIANG
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
NO. 01H06189625
FILED IN QUEENS COUNTY
COMMISSION EXPIRES JUNE 30 2012

## VERIFICATION

STATE OF NEW YORK     )
COUNTY OF NEW YORK  )

       I, Yu Qi Zhou, being duly sworn, deposes and says:

I am the Plaintiff herein; and as such, I am familiar with the facts and circumstances

of this action.

I have read the foregoing Verified Complaint and know the contents thereof.  The

Complaint is true to my knowledge except as to the matters stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.


_Yu Qi Zhou_
                                      Yu Qi Zhou

Sworn to before me this

16 day of Sept, 2009


AYALA E. YASGUR
Notary Public, State of New York
No. 02YA6144672
Qualified in New York County
Commission Expires May 1, 20__

<u>VERIFICATION</u>

STATE OF NEW YORK   )
COUNTY OF NEW YORK  )


     I, Yun Zhu Zou, being duly sworn, deposes and says:

I am the Plaintiff herein; and as such, I am familiar with the facts and circumstances

of this action.

I have read the foregoing Verified Complaint and know the contents thereof.  The

Complaint is true to my knowledge except as to the matters stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.


_____
Yun Zhu Zou

Sworn to before me this

16 day of Sept, 2009

AYALA E. YASGUR
Notary Public, State of New York
No. 02YA6144672
Qualified in New York County
Commission Expires May 1, 2011

<u>VERIFICATION</u>

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )

     I, Bing Long Zou, being duly sworn, deposes and says:

I am the Plaintiff herein; and as such, I am familiar with the facts and circumstances

of this action.

I have read the foregoing Verified Complaint and know the contents thereof.  The

Complaint is true to my knowledge except as to the matters stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.

 

_Bing Long Zou_
Bing Long Zou

Sworn to before me this

16 day of Sept., 2009

_Ayala Elyas_

AYALA E. YASGUR
Notary Public, State of New York
No. 02YA6144672
Qualified in New York County
Commission Expires May 1, 20___