EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Attorneys for Defendants
Hsiao Ming Tsai, Swee Choo Khor and H&S Associates, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------x

YU QI ZHOU, YUN ZHU ZOU, BING
LONG ZOU, YUN FANG ZOU and YUN
LU,

                    Plaintiffs,

*Vs.*

SHOP RITE, WOK EMPIRE, HSIAO MING
TSAI a/k/a HSIA MING KHOR, MRS. TSAI,
SWEE CHOO KHOR, MR. KHOR, H&S
ASSOCIATES, LLC, JOHN DOE, JANE
DOE, ABC CORPORATION,

                    Defendants.

---------------------------------------------x

Civil Action No. 3:09-cv-04959-JAP LHG

**ANSWER**

Defendants Hsiao Ming Tsai, Swee Choo Khor and H&S Associates, LLC ("H&S")
(hereinafter sometimes collectively referred to as "Defendants"), by and through their attorneys,
Epstein Becker & Green, P.C., answer the Complaint of Plaintiffs as follows:

**PRELIMINARY STATEMENT**

Except to admit that Defendants own and operate a buffet serving Chinese and Sushi food
at certain Shop Rite stores, including at Shop Rite stores operating in Ewing, Manasquan and
Robbinsville, New Jersey, and that Plaintiffs were employed by H&S at one or more of its

NE:3174337v1

locations in New Jersey, Defendants deny the allegations set forth in the Preliminary Statement of the Complaint.

## AS TO JURISDICTION AND VENUE

1.      Paragraph 1 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

2.      Paragraph 2 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

3.      Paragraph 3 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

## AS TO THE PARTIES

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Except to admit that Bing Long Zou worked for H&S at the identified location for a period of time beginning on or about November 13, 2006, Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Except to admit that Plaintiff Yun Fang Zou worked for H&S beginning on or about May 30, 2008, and that she worked at Shop Rite's Robinsville, New Jersey location for part of her employment, Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      Except to admit that Plaintiff Yun Lu worked for H&S at Shop Rite's Manasquan, New Jersey location beginning on or about May 30, 2008, Defendants deny the allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint are not directed to these Defendants and, therefore, no response is required, and Plaintiffs are left to their proofs.

10.     The allegations in Paragraph 10 of the Complaint are not directed to these Defendants and, therefore, no response is required, and Plaintiffs are left to their proofs.

11.     Except to admit that Defendant Hsiao Ming Tsai is an owner and manager of H&S's food buffet operating in the Shop Rite Ewing, New Jersey location, Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants do not know to whom Plaintiffs are referring when they identify "Mrs. Tsai" and, therefore, deny the allegations in Paragraph 12 of the Complaint.

13.     Except to admit that Defendant Swee Choo Khor is an owner and manager of H&S's food buffet operating the Shop Rite Ewing, New Jersey location, Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants do not know to whom Plaintiffs are referring when they identify "Mr. Khor," and, therefore, deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants admit to the allegations in Paragraph 15 of the Complaint.

16.     These allegations are not directed to Defendants, who lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and, therefore, deny same.

17.     These allegations are not directed to Defendants, who lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and, therefore, deny same.

18.     These allegations are not directed to Defendants, who lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and, therefore, deny same.

19.     To the extent the allegations in Paragraph 19 of the Complaint are directed to Defendant H&S Associates, they are legal conclusions and no response is required, and Plaintiffs are left to their proofs.

## AS TO THE FACTS

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     As to the allegations in Paragraph 21 of the Complaint, Defendants admit that Plaintiff Yu Qi Zhou worked for H&S at the Shop Rite Ewing, New Jersey location during the identified time period.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     As to the allegations in Paragraph 24 of the Complaint, Defendants admit that Plaintiff Yu Qi Zhou was paid approximately $2,000-$2,100 per month, but further state that he received additional monthly income in the form of room, meals and transportation during his employment with H&S.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

25.     As to the allegations in Paragraph 25 of the Complaint, Defendants admit that Plaintiff Yun Zhu Zou worked for H&S at the Shop Rite Ewing, New Jersey location for the time period identified.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     As to the allegations in Paragraph 28 of the Complaint, Defendants admit that Plaintiff Yun Zhu Zou was paid approximately $1,500-$1,600 per month, but further state that she received additional monthly income in the form of room, meals and transportation during her

employment with H&S.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

29.     As to the allegations in Paragraph 29 of the Complaint, Defendants admit that Plaintiff Yun Fang Zou worked for H&S beginning on or about May 30, 2008.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

30.     As to the allegations in Paragraph 30 of the Complaint, Defendants admit that Plaintiff Yun Fang Zou was paid approximately $1,700 per month, but further state that she received additional monthly income in the form of room, meals and transportation during her employment with H&S.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

31.     As to the allegations in Paragraph 31 of the Complaint, Defendants admit that Plaintiff Yun Lu worked for H&S commencing on or about May 30, 2008.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

32.     As to the allegations in Paragraph 32 of the Complaint, Defendants admit that Plaintiff Yun Lu was paid approximately $1,700 per month, but further state that she received additional monthly income in the form of room, meals and transportation during her employment with H&S.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

33.     As to the allegations in Paragraph 33 of the Complaint, Defendants admit that Plaintiff Bing Long Zou began his employment with H&S on or about November 13, 2006, at the Shop Rite Manasquan, New Jersey location.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

34.     As to the allegations in Paragraph 34 of the Complaint, on information and belief, Defendants admit that Yu Qi Zhou and Bing Long Zou are males, and that their employment

overlapped at some point with the other Plaintiffs.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

35.     As to the allegations in Paragraph 35 of the Complaint, Defendants admit that Plaintiffs Yu Qi Zhou and Bing Long Zou were paid $2,000-$2,100 per month (with the exception of an occasional month where they made more), in addition to room, meals and transportation.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.

## AS TO COUNT I

### Overtime Wages Due Under the Fair Labor Standards Act

36.     Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 35 of the Complaint.

37.     Paragraph 37 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

38.     Paragraph 38  of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

39.     As to the allegations in Paragraph 39 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  To the extent Paragraph 39 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

## AS TO COUNT II

### Overtime Wages Due Under the Fair Labor Standards Act

43.     Defendants repeat and realIage their answers to each and every allegation contained in Paragraphs 1 through 42 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

45.     Paragraph 45 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.

46.     As to the allegations in Paragraph 46 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  To the extent Paragraph 46 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

47.     Paragraph 47 of the Complaint contains legal conclusions concerning the interpretation and applicability of 29 U.S.C. §207(a)(1) and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 47 makes factual any allegations, Defendants deny.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

## AS TO COUNT III

### Overtime Wages Due Under the Fair Labor Standards Act

50.     Defendants repeat and realIage their answers to each and every allegation contained in Paragraphs 1 through 49 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 51 makes any factual allegations, Defendants deny.

52.     Paragraph 52 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 52 makes any factual allegations, Defendants deny.

53.     As to the allegations in Paragraph 53 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  To the extent Paragraph 53 contains legal conclusions, no response is required, and Plaintiffs are left to their proofs.

54.     Paragraph 54 of the Complaint contains legal conclusions concerning the interpretation and applicability of 29 U.S.C. §207(a)(1) and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 54 makes any factual allegations, Defendants deny.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

### AS TO COUNT IV

### Overtime Wages Due Under the Fair Labor Standards Act

57.     Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 56 of the Complaint.

58.     Paragraph 58 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 58 makes any factual allegations, Defendants deny.

59.     Paragraph 59 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 59 makes any factual allegations, Defendants deny.

60.     As to the allegations in Paragraph 60 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the

remaining allegations in this Paragraph. To the extent Paragraph 60 contains legal conclusions, no response is required, and Plaintiffs are left to their proofs.

61. Paragraph 61 of the Complaint contains legal conclusions concerning the interpretation and applicability of 29 U.S.C. §207(a)(1) and no response is required, and Plaintiffs are left to their proofs. To the extent Paragraph 61 makes any factual allegations, Defendants deny.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

## AS TO COUNT V

### Overtime Wages Due Under the Fair Labor Standards Act

64. Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 63 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs. To the extent Paragraph 65 makes any factual allegations against Defendants, they are denied.

66. Paragraph 66 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs  To the extent Paragraph 66 makes any factual allegations against Defendants, they are denied.

67. As to the allegations in Paragraph 67 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time. Except as so stated, Defendants deny the remaining allegations in this Paragraph. To the extent Paragraph 67 contains legal conclusion, no response is required.

68.     Paragraph 68 of the Complaint contains legal conclusions concerning the interpretation and applicability of 29 U.S.C. §207(a)(1) and no response is required, and Plaintiffs are left to their proofs.. To the extent Paragraph 68 makes factual allegations against Defendants, they are denied.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

## AS TO COUNT VI

### Minimum Wages Under New Jersey Labor Law

71.     Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 70 of the Complaint.

72.     As to the allegations in Paragraph 72 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.  To the extent Paragraph 72 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

## AS TO COUNT VII

### Minimum Wages Under New Jersey Labor Law

75.     Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 74 of the Complaint.

76.     As to the allegations in Paragraph 76 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.  To the extent Paragraph 76 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

- 10 -

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

### AS TO COUNT VIII

#### Minimum Wages Under New Jersey Labor Law

79.     Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 78 of the Complaint.

80.     As to the allegations in Paragraph 80 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.  To the extent Paragraph 80 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

### AS TO COUNT IX

#### Overtime Wages Under New Jersey Labor Law

83.     Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 82 of the Complaint.

84.     As to the allegations in Paragraph 84 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.  To the extent Paragraph 84 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

## AS TO COUNT X

### Overtime Wages Under New Jersey Labor Law

87.   Defendants repeat and realloage their answers to each and every allegation contained in Paragraphs 1 through 86 of the Complaint.

88.   As to the allegations in Paragraph 88 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.   Except as so stated, Defendants deny the remaining allegations in this Paragraph.   To the extent Paragraph 88 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

89.   Defendants deny the allegations in Paragraph 89 of the Complaint.

90.   Defendants deny the allegations in Paragraph 90 of the Complaint.

## AS TO COUNT XI

### Overtime Wages Due New Jersey Labor Law

91.   Defendants repeat and realloage their answers to each and every allegation contained in Paragraphs 1 through 90 of the Complaint.

92.   As to the allegations in Paragraph 92 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.   Except as so stated, Defendants deny the remaining allegations in this Paragraph.   To the extent Paragraph 92 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

93.   Defendants deny the allegations in Paragraph 93 of the Complaint.

94.   Defendants deny the allegations in Paragraph 94 of the Complaint.

## AS TO COUNT XII

### Overtime Wages Under New Jersey Labor Law

95.     Defendants repeat and realloge their answers to each and every allegation contained in Paragraphs 1 through 94 of the Complaint.

96.     As to the allegations in Paragraph 96 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.  To the extent Paragraph 96 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

## AS TO COUNT XIII

### Discrimination on the Basis of Sex

99.     Defendants repeat and realloge their answers to each and every allegation contained in Paragraphs 1 through 98 of the Complaint.

100.    Paragraph 100 of the Complaint contains legal conclusions and no response is required, and Plaintiffs are left to their proofs.  To the extent Paragraph 100 makes any factual allegations against Defendants, they are denied.

101.    As to the allegations in Paragraph 101 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny the remaining allegations in this Paragraph.   To the extent Paragraph 101 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

102.    As to the allegations in Paragraph 102 of the Complaint, Defendants admit that each Plaintiff was employed by H&S at various periods of time.  Except as so stated, Defendants deny

the remaining allegations in this Paragraph. To the extent Paragraph 102 contains legal conclusion, no response is required, and Plaintiffs are left to their proofs.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

### AS TO COUNT XIV

### Piercing the Corporate Veil

104.    Defendants repeat and reallage their answers to each and every allegation contained in Paragraphs 1 through 103 of the Complaint.

105.    Defendants admit the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants admit that H&S uses 9 Barrington Drive, Princeton Junction, New Jersey as its mailing address, but Plaintiff's allegation that H&S is "run out of" that address is a legal conclusion to which no response is required. To the extent any other factual allegations are directed at Defendants in Paragraph 108, they are denied.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    As to the allegations in Paragraph 112 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief they seek.

WHEREFORE, Defendants demand judgment dismissing Plaintiffs' complaint, with prejudice, and awarding them reasonable attorney fees and costs of suit and granting such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations and/or any other applicable limitations period.

### Third Affirmative Defense

Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### Fourth Affirmative Defense

Plaintiffs have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

### Fifth Affirmative Defense

With respect to some or all claims brought or allegedly brought by Plaintiffs, Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the New Jersey Wage and Hour Law ("NJWHL") and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors.

### Sixth Affirmative Defense

With respect to some or all claims brought or allegedly brought by Plaintiffs, Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the Fair Labor Standards Act ("FLSA") and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors.

### Seventh Affirmative Defense

Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New Jersey State Department of Labor.

### Eighth Affirmative Defense

The damages claimed by Plaintiffs are barred to the extent they are speculative in nature.

### Ninth Affirmative Defense

The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

### Tenth Affirmative Defense

The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

### Eleventh Affirmative Defense

Plaintiffs have received payment in full for any wages due and owing.

### Twelfth Affirmative Defense

Defendants are entitled to an offset with respect to any damages allegedly suffered by Plaintiffs.

### Thirteenth Affirmative Defense

Any failure on Defendants' part to remit payment to Plaintiffs for hours allegedly worked was the result of a good faith dispute and/or contest.

### Fourteenth Affirmative Defense

Plaintiffs may not recover prejudgment interest because such relief would amount to a "double recovery."

### Fifteenth Affirmative Defense

Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of avoidable consequences.

### Sixteenth Affirmative Defense

Some or all of the claims asserted in the Complaint may be barred under the doctrine of preemption.

### Seventeenth Affirmative Defense

Some or all of Plaintiffs' claims for damages are barred by the doctrine of after-acquired evidence.

### Eighteenth Affirmative Defense

Some or all of Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

### Nineteenth Affirmative Defense

Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs failed to raise a timely internal complaint concerning some or all of the claims set forth in their Complaint.

### Twentieth Affirmative Defense

Plaintiffs are not entitled to some or all of the relief sought in Plaintiff's Complaint because Defendants' actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of any Plaintiff.

### Twenty-First Affirmative Defense

The Complaint fails to state a claim for which compensatory, punitive or liquidated damages may be granted.

### Twenty-Second Affirmative Defense

Plaintiffs may not recover liquidated damages, because neither Defendants nor any of their respective officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to any Plaintiff and because Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

### Twenty-Third Affirmative Defense

Plaintiffs claiming a violation of 29 USC §206(d)(1), the Equal Pa Act ("EPA") have failed to state a claim because the female employees identified in Count XIII of the Complaint were not working in comparable positions to the male employees.

### Twenty-Fourth Affirmative Defense

The jobs of the female employees identified in Count XIII of the Complaint did not involve equal skill, effort and responsibility to those of the male employees.

### Twenty-Fifth Affirmative Defense

The jobs of the female employees identified in Count XIII of the Complaint were not performed under similar working conditions to the male employees identified in Count XIII of the Complaint.

### Twenty-Sixth Affirmative Defense

Differences in pay, if any, between the Plaintiffs were based on nondiscriminatory factors.

### Twenty-Seventh Affirmative Defense

Defendants reserve the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff, persons Plaintiff purports to represent, or discovery.

### Twenty-Eighth Affirmative Defense

Defendants deny each and every allegation in the Complaint not expressly admitted herein.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Hsiao Tsai, Swee Choo Khor and
H&S Associates, LLC

_____
Patrick Brady

DATED: December 14, 2009

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer on behalf of Defendants, Hsiao Tsai, Swee Choo Khor and H&S Associates, LLC, was served upon Plaintiff via First Class Mail to Lars Hilton at Wong, Wong & Associates, P.C., 150 Broadway, Suite 1588, New York, New York 10038. I further certify that the foregoing Answer was served upon defendant Shop Rite via First Class Mail to Jay S. Becker, Esq., Giordano, Halleran and Ciesla, Attorneys at Law, attorneys for Defendant Shop Rite at 125 Half Mile Road, Suite 300, Red Bank, NJ 07701.


EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Hsiao Tsai, Swee Choo Khor and
H&S Associates, LLC


Patrick Brady

DATED: December 14, 2009