**GIORDANO, HALLERAN & CIESLA, P.C.**
Mail to: P.O. Box 190, Middletown, N.J. 07748
Deliver to 125 Half Mile Road, Suite 300, Red Bank, N.J. 07701
(732) 741-3900

Attorneys for Defendant, Shop Rite.
By:  Jay S. Becker, Esq.   (JB 1149)


## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yu Qi Zhou, Yun Zhu Zou, Bing Long Zou, Yun Fang Zou, Yun Lu,<br><br>Plaintiffs,<br><br>v.<br><br>ShopRite, Wok Empire, Hsiao Ming Tsai a/k/a Hsia Ming Khor, Mrs. Tsai, Swee Choo Khor, Mr. Khor, H&S Associates, LLC, John Doe, Jane Doe, ABC Corporation,<br><br>Defendants. | Civil Action No. 3:09-CV-04959-HAO-LHG<br><br>**ANSWER, AFFIRMATIVE DEFENSES<br>AND CROSSCLAIM** |

Defendant, Shop Rite ("Shop Rite" or "Defendant") with places of business located at 1750 N. Olden Ave., Ewing, NJ 08638, 2433 Rt. 334 South, Manasquan, NJ 08736 and 130 Marketplace Blvd., Robbinsville, NJ, by way of Answer to the Complaint of Plaintiffs Yu Qi Zhou, Yun Zhu Zou, Bing Long Zou, Yun Fang Zou, and Yun Lu ("Plaintiffs") states:

**PRELIMINARY STATEMENT**

Defendant Shop Rite denies the allegations contained in the Preliminary Statement of the Complaint, but admits Saker Holdings Corp. a Delaware Corporation, is the parent entity of Saker Shop Rites, Inc., a New Jersey Corporation, which currently is the operating entity of twenty seven Shop Rite stores in New Jersey, including Shop Rite stores located at 1750 N. Olden Avenue, Ewing, NJ 08638, 2433 Route 34 South, Manasquan, NJ 08736 and 130 Marketplace Blvd., Robbinsville, NJ.

**JURISDICTION AND VENUE**

1.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Jurisdiction and Venue section of the Complaint, and leaves Plaintiffs to their proofs.

2.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Jurisdiction and Venue section of the Complaint, and leaves Plaintiffs to their proofs.

3.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Jurisdiction and Venue section of the Complaint, and leaves Plaintiffs to their proofs.

**THE PARTIES**

4.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of The Parties section of the Complaint, and leaves Plaintiffs to their proofs.

5.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of The Parties section of the Complaint, and leaves Plaintiffs to their proofs.

6.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of The Parties section of the Complaint, and leaves Plaintiffs to their proofs.

7.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of The Parties section of the Complaint, and leaves Plaintiffs to their proofs.

8.    Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of The Parties section of the Complaint, and leaves Plaintiffs to their proofs.

9.    Defendant Shop Rite denies the allegations contained in Paragraph 9 of The Parties section of the Complaint, but admits Saker Holdings Corp. a Delaware Corporation, is the

3

parent entity of Saker Shop Rites, Inc., a New Jersey

Corporation, which currently is the operating entity of twenty

seven Shop Rite stores in New Jersey, including Shop Rite stores

located at 1750 N. Olden Avenue, Ewing, NJ 08638, 2433 Route 34

South, Manasquan, NJ 08736 and 130 Marketplace Blvd.,

Robbinsville,

    10.   Defendant Shop Rite denies the allegations contained

in Paragraph 10 of The Parties section of the Complaint.

    11.   Defendant Shop Rite denies the allegations contained

in Paragraph 11 of The Parties section of the Complaint.

    12.   Defendant Shop Rite denies the allegations contained

in Paragraph 12 of The Parties section of the Complaint.

    13.   Defendant Shop Rite denies the allegations contained

in Paragraph 13 of The Parties section of the Complaint.

    14.   Defendant Shop Rite denies the allegations contained

in Paragraph 14 of The Parties section of the Complaint.

    15.   Defendant Shop Rite is without knowledge sufficient to

form a belief as to the truth of the allegations contained in

Paragraph 15 of The Parties section of the Complaint and leaves

Plaintiffs to their proofs.

    16.   Defendant Shop Rite is without knowledge sufficient to

form a belief as to the truth of the allegations contained in

Paragraph 16 of The Parties section of the Complaint and leaves

Plaintiffs to their proofs.

17.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of The Parties section of the Complaint and leaves Plaintiffs to their proofs.

18.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of The Parties section of the Complaint and leaves Plaintiffs to their proofs.

19.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of The Parties section of the Complaint and leaves Plaintiffs to their proofs.

<u>**STATEMENT OF FACTS**</u>

20.   Defendant Shop Rite denies the allegations contained in Paragraph 20 of the Statement of Facts section of the Complaint.

21.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

22.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

23.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

24.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

25.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

26.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

27.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

28.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

29.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

30.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

31.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

32.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

33.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

34.   Defendant Shop Rite denies the allegations contained in Paragraph 34 of the Complaint and is without knowledge as to whether Plaintiffs Yu Qi Zhou and Bing Long Zou are male.

35.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Statement of Facts section of the Complaint and leaves Plaintiffs to their proofs.

## CAUSES OF ACTION

### COUNT I

**Overtime Wages Due Under the Fair Labor Standards Act**

36.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

37.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Causes of Action section, Count I of the Complaint and leaves Plaintiffs to their proofs.

38.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Causes of Action section, Count I of the Complaint and leaves Plaintiffs to their proofs.

39.   Defendant Shop Rite denies the allegations contained in Paragraph 39 of the Causes of Action section, Count I of the Complaint.

40.   Defendant Shop Rite denies the allegations contained in Paragraph 40 of the Causes of Action section, Count I of the Complaint.

41.   Defendant Shop Rite denies the allegations contained in Paragraph 41 of the Causes of Action section, Count I of the Complaint.

42.   Defendant Shop Rite denies the allegations contained in Paragraph 42 of the Causes of Action section, Count I of the Complaint.

<u>COUNT II</u>

<u>Overtime Wages Due Under the Fair Labor Standards Act</u>

43.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

44.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Causes of Action section, Count II of the Complaint and leaves Plaintiffs to their proofs.

45.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Causes of Action section, Count II of the Complaint and leaves Plaintiffs to their proofs.

46.   Defendant Shop Rite denies the allegations contained in Paragraph 46 of the Causes of Action section, Count II of the Complaint.

47.   Defendant Shop Rite denies the allegations contained in Paragraph 47 of the Causes of Action section, Count II of the Complaint.

48.   Defendant Shop Rite denies the allegations contained in Paragraph 48 of the Causes of Action section, Count II of the Complaint.

49.   Defendant Shop Rite denies the allegations contained in Paragraph 49 of the Causes of Action section, Count II of the Complaint.

## COUNT III

### Overtime Wages Due Under the Fair Labor Standards Act

50.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

51.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Causes of Action section, Count III of the Complaint and leaves Plaintiffs to their proofs.

52.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Causes of Action section, Count III of the Complaint and leaves Plaintiffs to their proofs.

53.   Defendant Shop Rite denies the allegations contained in Paragraph 53 of the Causes of Action section, Count III of the Complaint.

54.   Defendant Shop Rite denies the allegations contained in Paragraph 54 of the Causes of Action section, Count III of the Complaint.

55.   Defendant Shop Rite denies the allegations contained in Paragraph 55 of the Causes of Action section, Count III of the Complaint.

56.   Defendant Shop Rite denies the allegations contained in Paragraph 56 of the Causes of Action section, Count III of the Complaint.

### COUNT IV

**Overtime Wages Due Under the Fair Labor Standards Act**

57.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

58.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Causes of Action section, Count IV of the Complaint and leaves Plaintiffs to their proofs.

59.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in

Paragraph 59 of the Causes of Action section, Count IV of the Complaint and leaves Plaintiffs to their proofs.

60.   Defendant Shop Rite denies the allegations contained in Paragraph 60 of the Causes of Action section, Count IV of the Complaint.

61.   Defendant Shop Rite denies the allegations contained in Paragraph 61 of the Causes of Action section, Count IV of the Complaint.

62.   Defendant Shop Rite denies the allegations contained in Paragraph 62 of the Causes of Action section, Count IV of the Complaint.

63.   Defendant Shop Rite denies the allegations contained in Paragraph 63 of the Causes of Action section, Count IV of the Complaint.

**COUNT V**

**Overtime Wages Due Under the Fair Labor Standards Act**

64.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

65.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Causes of Action section, Count V of the Complaint and leaves Plaintiffs to their proofs.

66.   Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Causes of Action section, Count V of the Complaint and leaves Plaintiffs to their proofs.

67.   Defendant Shop Rite denies the allegations contained in Paragraph 67 of the Causes of Action section, Count V of the Complaint.

68.   Defendant Shop Rite denies the allegations contained in Paragraph 68 of the Causes of Action section, Count V of the Complaint.

69.   Defendant Shop Rite denies the allegations contained in Paragraph 69 of the Causes of Action section, Count V of the Complaint.

70.   Defendant Shop Rite denies the allegations contained in Paragraph 70 of the Causes of Action section, Count V of the Complaint.

## COUNT VI

### Minimum Wages Under New Jersey Labor Law

71.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

72.   Defendant Shop Rite denies the allegations contained in Paragraph 72 of the Causes of Action section, Count VI of the Complaint.

73.   Defendant Shop Rite denies the allegations contained in Paragraph 73 of the Causes of Action section, Count VI of the Complaint.

74.   Defendant Shop Rite denies the allegations contained in Paragraph 74 of the Causes of Action section, Count VI of the Complaint.

## Count VII

### Minimum Wages Under New Jersey Labor Law

75.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

76.   Defendant Shop Rite denies the allegations contained in Paragraph 76 of the Causes of Action section, Count VII of the Complaint.

77.   Defendant Shop Rite denies the allegations contained in Paragraph 77 of the Causes of Action section, Count VII of the Complaint.

78.   Defendant Shop Rite denies the allegations contained in Paragraph 78 of the Causes of Action section, Count VII of the Complaint.

## Count VIII

### Minimum Wages Under New Jersey Labor Laws

79.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

80.   Defendant Shop Rite denies the allegations contained in Paragraph 80 of the Causes of Action section, Count VIII of the Complaint.

81.   Defendant Shop Rite denies the allegations contained in Paragraph 81 of the Causes of Action section, Count VIII of the Complaint.

82.   Defendant Shop Rite denies the allegations contained in Paragraph 82 of the Causes of Action section, Count VIII of the Complaint.

## Count IX

### Overtime Wages Under New Jersey Labor Law

83.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

84.   Defendant Shop Rite denies the allegations contained in Paragraph 84 of the Causes of Action section, Count IX of the Complaint.

85.   Defendant Shop Rite denies the allegations contained in Paragraph 85 of the Causes of Action section, Count IX of the Complaint.

86.   Defendant Shop Rite denies the allegations contained in Paragraph 86 of the Causes of Action section, Count IX of the Complaint.

## Count X

### Overtime Wages Under New Jersey Labor Law

87.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

88.   Defendant Shop Rite denies the allegations contained in Paragraph 88 of the Causes of Action section, Count X of the Complaint.

89.   Defendant Shop Rite denies the allegations contained in Paragraph 89 of the Causes of Action section, Count X of the Complaint.

90.   Defendant Shop Rite denies the allegations contained in Paragraph 90 of the Causes of Action section, Count X of the Complaint.

## Count XI

### Overtime Wages Under New Jersey Law

91.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

92.   Defendant Shop Rite denies the allegations contained in Paragraph 92 of the Causes of Action section, Count XI of the Complaint.

93.   Defendant Shop Rite denies the allegations contained in Paragraph 93 of the Causes of Action section, Count XI of the Complaint.

94.   Defendant Shop Rite denies the allegations contained in Paragraph 94 of the Causes of Action section, Count XI of the Complaint.

## Count XII

### Overtime Wages Under New Jersey Labor Law

95.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

96.   Defendant Shop Rite denies the allegations contained in Paragraph 96 of the Causes of Action section, Count XII of the Complaint.

97.   Defendant Shop Rite denies the allegations contained in Paragraph 97 of the Causes of Action section, Count XII of the Complaint.

98.   Defendant Shop Rite denies the allegations contained in Paragraph 98 of the Causes of Action section, Count XII of the Complaint.

## Count XIII

### Discrimination on the Basis of Sex

99.   Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

100. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Causes of Action section, Count XIII of the Complaint and leaves Plaintiffs to their proofs.

101. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Causes of Action section, Count XIII of the Complaint and leaves Plaintiffs to their proofs.

102. Defendant Shop Rite denies the allegations contained in Paragraph 102 of the Causes of Action section, Count XIII of the Complaint.

103. Defendant Shop Rite denies the allegations contained in Paragraph 103 of the Causes of Action section, Count XIII of

the Complaint, and is without knowledge sufficient to form a belief as to whether Plaintiffs Yun Zhu Zou, Yun Fang Zou and Yun Lu are female employees.

## Count XIV

### Piercing the Corporate Veil

104. Defendant Shop Rite repeats and realleges by reference all allegations in the preceding paragraphs as if fully stated herein.

105. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

106. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

107. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

108. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

109. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

110. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

111. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

112. Defendant Shop Rite is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Causes of Action section, Count XIV of the Complaint and leaves Plaintiffs to their proofs.

### Prayer for Relief

**WHEREFORE**, Defendant Shop Rite demands judgment dismissing the Complaint herein plus attorneys' fees and costs of suit.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted and the Defendant reserves the right to move at or before the time of trial to dismiss same.

## SECOND SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the Plaintiffs, and, accordingly, the Plaintiffs' claims are barred as a matter of law.

## THIRD SEPARATE DEFENSE

The Plaintiffs are estopped from proceeding with their alleged cause of action.

## FOURTH SEPARATE DEFENSE

The Plaintiffs have waived their right to bring this suit of action against Defendant Shop Rite.

## FIFTH SEPARATE DEFENSE

The Plaintiffs are guilty of laches.

## SIXTH SEPARATE DEFENSE

Plaintiffs action is barred by the doctrine of unclean hands.

## SEVENTH SEPARATE DEFENSE

Insofar as the Complaint herein seeks damages against Defendant Shop Rite, the Complaint must be dismissed in that Plaintiffs have sustained no damage.

## EIGHTH SEPARATE DEFENSE

Any and all injuries sustained were the result of a third party over whom the Defendant Shop Rite had no control.

## NINTH SEPARATE DEFENSE

There was no privity between the Plaintiffs and Defendant Shop Rite.

## TENTH SEPARATE DEFENSE

The dispute between the parties arises from a written contract which constitutes the entire agreement between the parties and any other oral evidence is barred by the Parol Evidence Rule.

## ELEVENTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom this Defendant had no control.

## TWELFTH SEPARATE DEFENSE

The damages of the Plaintiffs, if any, are limited by the applicable laws of the State of New Jersey with respect comparative negligence.

## THIRTEENTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused injuries and damages to the Plaintiffs was proximately caused or contributed to by the fault of third persons not parties to this litigation.  The responsibility of the Defendant Shop Rite filing this Answer and the right of

Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined, whether or not parties to this litigation.  Accordingly, this Defendant seeks an adjudication of the percentage of fault of the Plaintiffs and each and every other person whose fault contributed to the incident.

### FOURTEENTH SEPARATE DEFENSE

Demand and claim for contribution is made against all co-Defendants in this matter.

### FIFTEENTH SEPARATE DEFENSE

Defendant Shop Rite denies liability with respect to Plaintiffs' claims.  However, if liability is found to exists, Defendant Shop Rite asserts that such liability results from the negligence of independent contractors and that, by law, Defendant Shop Rite is not liable for the negligence of such independent contractors.

### SIXTEENTH SEPARATE DEFENSE

Defendant Shop Rite is entitled to a determination of the percentage of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages, as the obligation, if any, of the Defendant to respond in damages should not exceed its percentage share.

## SEVENTEENTH SEPARATE DEFENSE

The Defendant Shop Rite acted on reasonable grounds and without malice, and, therefore, is not responsible to the Plaintiffs for any alleged damages.

## EIGHTEENTH SEPARATE DEFENSE

The Plaintiffs' claims are barred by the Doctrine of Truth.

## NINETEENTH SEPARATE DEFENSE

The Plaintiffs' claims are barred by the After Acquired Evidence Doctrine.

## TWENTIETH SEPARATE DEFENSE

The Plaintiffs failed to mitigate any alleged damages or losses.

## TWENTY FIRST SEPARATE DEFENSE

The Plaintiffs claims are barred by virtue of their failure to exhaust administrative remedies.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Shop Rite denies liability with respect to Plaintiffs' claims.  However, if Defendant is adjudged liable, then Defendant demands contribution from the co-Defendants, Wok Empire, Hsiao Ming Tsai a/k/a Hsia Ming Khor, Mrs. Tsai, Swee Choo Khor, Mr. Khor, H&S Associates, LLC, John Doe, Jane Doe and ABC Corporation.

## CROSSCLAIM FOR INDEMNIFICATION

Defendant Shop Rite denies any liability with respect to Plaintiffs' claims.  However, if Defendant is adjudged liable to Plaintiffs, the Defendant demands indemnification from the co-Defendants, Wok Empire, Hsiao Ming Tsai a/k/a Hsia Ming Khor, Mrs. Tsai, Swee Choo Khor, Mr. Khor, H&S Associates, LLC, John Doe, Jane Doe and ABC Corporation.

## CROSSCLAIM AGAINST CO-DEFENDANTS

Defendant Shop Rite, by way of Cross Claim, against the co-Defendants Wok Empire, Hsiao Ming Tsai a/k/a Hsia Ming Khor, Mrs. Tsai, Swee Choo Khor, Mr. Khor, H&S Associates, LLC, John Doe, Jane Doe and ABC Corporation,(the "co-Defendants") says:

While denying that Defendant is in any way obligated or liable under the claims for relief asserted against it, the Defendant alleges that:

1.    Arising out of the relationship between the Defendant and co-Defendants is a contractual obligation entitling the Defendant to a defense and indemnification from the co-Defendants.

2.    Defendant Shop Rite and co-Defendant H&S Associates, LLC entered into a License Agreement dated April 19, 2006.

3.    The License Agreement contains a provision requiring H&S Associates to indemnify, hold harmless, and defend Defendant

Shop Rite from and against any losses, claims, liabilities and expenses, including reasonable attorney's fees.

4.    Despite the obligations set forth in the License Agreement, H&S Associates and the remaining co-Defendants have failed to indemnify, hold harmless and defend Defendant Shop Rite in the instant matter asserted by Plaintiffs.

5.    Defendant Shop Rite demands judgment against co-Defendants for damages resulting from co-Defendants breach of the License Agreement with Defendant Shop Rite, together with attorney's fees, costs of suit and other such and further relief as the Court deems just, proper and equitable.

6.    Said License Agreement between Defendant Shop Rite and H&S Associates also has an implied covenant of good faith and fair dealing between the parties, by which Defendant Shop Rite may reasonably expect to receive the benefits associated therewith.

7.    By failing to indemnify, hold harmless and defend Defendant Shop Rite from and against any and all losses, claims, liabilities and expenses, including reasonable attorney's fees as alleged by the Plaintiffs, H&S Associates and the remaining co-Defendants have violated said covenant of good faith and fair dealing.

8.     Any obligation of the Defendant to respond in damages is based upon a breach of contract, whereas the causative act or failure to act was that of the co-Defendants.

9.     The co-Defendants are obligated for their pro-rata share of any judgment rendered against the Defendant.

10.    The Defendant is entitled to a determination of the percentage of responsibility of all tortfeasors such as the co-Defendants, whose fault caused and/or contributed to the claimed injuries and damages of the Plaintiffs.  The obligation, if any, of the Defendant to respond in damages, should not exceed it's percentage share.

**WHEREFORE**, Defendant Shop Rite demands judgment of restitution, indemnity, contribution, and/or apportionment of responsibility from the co-Defendants based on breach of contract, and breach of the covenant of good faith and fair dealing.

<u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to <u>R.</u> 4:25-4, Jay S. Becker, Esq. is hereby designated as trial counsel.

<u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

The undersigned herby certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated.  The undersigned hereby certifies that he knows of

27

proceeding, and no other action or arbitration proceeding is contemplated. The undersigned hereby certifies that he knows of no other parties who should be joined in the action at this time.

> GIORDANO, HALLERAN & CIESLA
> A Professional Corporation
> Attorneys for Defendant, Shop Rite
>
> By: _____
> JAY S. BECKER, ESQ.

Dated: December 23, 2009

::ODMA\PCDOCS\GHCDOCS\716358\1

28